534 So.2d 789 (1988)
FLORIDA PAROLE AND PROBATION COMMISSION, Appellant,
v.
Frederick G. DORNAU, Appellee.
No. 88-1678.
District Court of Appeal of Florida, First District.
November 18, 1988.
*790 Kurt E. Ahrendt, Asst. Gen. Counsel, Tallahassee, for appellant.
Stephen K. Johnson, of Johnson & Bingham, Gainesville, for appellee.
BARFIELD, Judge.
The Florida Parole and Probation Commission appeals an order granting a petition for writ of mandamus and directing it to reinstate Frederick Dornau's presumptive parole release date (PPRD) of April 14, 1987, and to begin procedures to determine his effective parole release date (EPRD). We reverse and remand for further proceedings.
Dornau was convicted in 1971 of first degree murder and was sentenced to life imprisonment. In 1979, his initial PPRD (May 17, 1993) was determined, the recommended 1985 date having been aggravated by sixty months based upon fifteen 1975 federal fraud convictions and by thirty-six months based upon the fact that following the murder, Dornau had sent the woman victim's employer extortion notes demanding $200,000 under threat of a similar fate for members of the employer's family. The PPRD was several times reduced for exemplary behavior, and Dornau was finally placed on work release with a PPRD of April 14, 1987.
Pursuant to section 947.1745(4), Florida Statutes (1986 Supp.), the Commission sent a letter to the sentencing judge in January 1987, notifying him that Dornau was being considered for an effective parole release date and that the judge was entitled to object to parole release. The letter stated: "Though not required, the Commission would appreciate being advised of the Court's reason for its objection to release on parole if such objection is made." The judge responded that he had spoken to the state attorney and to the victim's employer and his wife, that they all objected strenuously to the release and requested that he do the same, and that he was "therefore objecting to this parole release."
*791 In March 1987, the Commission extended Dornau's PPRD by ninety-six months, based upon the sentencing judge's letter. Dornau requested review under section 947.173, asserting that the Commission had violated section 947.1745(4) because it did not make a finding that the judge's objection constituted "good cause in exceptional circumstances" justifying extension of the PPRD, that the judge's letter provided no explanation of his objection other than that other parties objected to the release, that section 947.1745(4) was unconstitutional per se and a violation of the constitutional provision against ex post facto laws, that all of the newest information supported Dornau's immediate release, and that the eight year extension was arbitrary and capricious. The Commission denied the request to modify the PPRD.
Dornau then filed a petition in the circuit court for a writ of mandamus, requesting that the Commission be directed to establish his EPRD without regard to section 947.1745(4), or to immediately consider him for an EPRD "without regard to any judicial objection which does not constitute good cause in exceptional circumstances." He asserted that section 947.1745(4) is violative of due process, fails to provide adequate procedural safeguards (guidelines for determining whether a judge's objection constitutes good cause, and an upper limit upon the length of a PPRD extension), violates the constitutional bans on double jeopardy and ex post facto laws, and violates the separation of powers provision of Article II, section 3 of the Florida Constitution.
In its response, the Commission argued that although the Objective Parole Guidelines Act of 1978 was intended to provide guidelines for the exercise of its discretion, the Commission was given the ultimate discretion in deciding whether to parole, and that the legislature did not intend to automatically entitle an inmate to an EPRD or to parole so long as his institutional conduct was satisfactory, citing Florida Parole and Probation Commission v. Paige, 462 So.2d 817 (Fla. 1985). The Commission conceded that the PPRD may be changed only for "reasons of institutional conduct" or "the acquisition of new information not available at the time of the initial interview" or "good cause in exceptional circumstances" (sections 947.16(5) and 947.173(3)), but contended that the legislature clearly indicated that a sentencing court's written objection to parole release may constitute "good cause in exceptional circumstances" and that such an objection may be used by the Commission as a basis for extending the PPRD (sections 937.1745(4) and 947.165(1)). The Commission asserted that Dornau had not demonstrated entitlement to relief through the extraordinary writ of mandamus, because he had not established a clear legal right on his part to performance of a clear legal duty on the part of the Commission. It also addressed the constitutional issues raised in the petition.
After hearing oral arguments, the circuit court issued an order granting the writ, stating that it did not need to reach the constitutional questions and finding that, in light of the fact that the Commission had initially aggravated the PPRD to reflect Dornau's attempt at extortion and his commission of other crimes, the sentencing judge's objection did not constitute "good cause in exceptional circumstances" sufficient to again aggravate the PPRD. The court also found that the eight year extension of the PPRD "which would effectively provide a 25 year sentence, the current minimum mandatory sentence for first degree murder, was arbitrary and capricious as no basis for the length of such an extension was provided by the Commission nor by its attorney."
The purpose of the Objective Parole Guidelines Act of 1978 was to replace a system which had formerly decided paroles solely by subjective methods. Under it, parole decisions can be made only after the Commission has applied objective parole guidelines to a specific factual situation. It is not at liberty to ignore the express legislative intent of chapter 947 or its own rules. McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981). The presumptive parole release date becomes binding upon the Commission in the sense that, once established, *792 it is not to be changed except for reasons of institutional conduct, acquisition of new information not available at the time of the initial interview, or for good cause in exceptional circumstances. Florida Parole and Probation Commission v. Paige; Florida Parole and Probation Commission v. Cunard, 490 So.2d 88 (Fla. 1st DCA), rev. den., Cunard v. Florida Parole and Probation Commission, 500 So.2d 543 (Fla. 1986). Although the Commission is required by law to develop and implement effective parole guidelines as criteria upon which to base its parole decisions, chapter 947 leaves the ultimate parole decision to the discretion of the Commission guided by its own rules. May v. Florida Parole and Probation Commission, 435 So.2d 834 (Fla. 1983).
In Griffith v. Florida Parole and Probation Commission, 485 So.2d 818 (Fla. 1986), the court explained the procedural morass which has enveloped appellate review of the Commission's actions over the years. Before 1981, PPRD's were reviewed by petition for writ of mandamus, Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. den., 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 23 (1974). Then the legislature enacted the Administrative Procedures Act, including section 120.68, Florida Statutes (1981), providing for appeals from final administrative action, and section 120.52(10)(d), declaring that prisoners were not parties for the purpose of some types of administrative hearings. In Roberson v. Florida Parole and Probation Commission, 444 So.2d 917 (Fla. 1983), these restrictions were held not to preclude prisoners from being parties for purposes of seeking judicial review of final Parole Commission action by a section 120.68 appeal. In 1983, the legislature amended section 120.52(10) to deprive the district courts of jurisdiction under section 120.68 to consider such appeals, Rothermel v. Florida Parole and Probation Commission, 441 So.2d 663 (Fla. 1st DCA 1983). The situation has now reverted to that existing at the time of Moore: judicial review is available only through the common law writs of mandamus, for review of PPRD's, and habeas corpus, for review of EPRD's.
In Moore, the court held that the writ of mandamus will not lie to compel the granting of parole, since that is a matter within the Commission's discretionary powers under chapter 947, but that while there is no absolute right to parole, there is a right to a proper consideration for parole, so that the Commission must comply with constitutional requirements and cannot deny parole upon illegal grounds or upon improper considerations, for which it will be answerable in mandamus.
Unless the Commission's actions in the instant case violated constitutional provisions or chapter 947, or were inconsistent with the Commission's established guidelines, Dornau cannot be granted relief by writ of mandamus. Moore; Baker v. Florida Parole and Probation Commission, 384 So.2d 746 (Fla. 1st DCA 1980); Hardy v. Greadington, 405 So.2d 768 (Fla. 5th DCA 1981).
We find no violation of chapter 947 in the Commission's actions. It properly considered the sentencing judge's objection, which the legislature has deemed important to the review of an inmate's PPRD, and extended Dornau's PPRD on the basis of this judicial objection, in accordance with sections 947.1745(4) and 947.165(1). We find the circuit court erred in finding that an aggravating factor used in setting Dornau's initial PPRD in 1979 precluded consideration of the judge's objection to parole release in 1987, since the statute specifically states that a sentencing court's written objection may constitute "good cause in exceptional circumstances" and may be used by the Commission to extend the PPRD. We find the circuit court further erred in finding the Commission's actions arbitrary and capricious because the Commission did not provide a reason for the length of the PPRD extension, since nothing in chapter 947 requires the Commission to provide an explanation of an extension based on a sentencing court's objection to parole release.
*793 We agree with the Commission that the grounds stated in the circuit court's order do not support relief by writ of mandamus. Dornau has failed to show that the Commission's actions violated any statute, guideline or rule of procedure. However, the circuit court declined to address the question of whether the Commission's actions violated any provision of the Florida or federal constitutions.
The order granting the petition for writ of mandamus is therefore REVERSED and the case is REMANDED to the circuit court with directions that it consider the constitutional issues raised in the petition.
SMITH, C.J. and ZEHMER, J., concur.