535 So.2d 640 (1988)
Louie GATTIS, Appellant,
v.
FLORIDA PAROLE & PROBATION COMMISSION, Appellee.
No. 88-447.
District Court of Appeal of Florida, First District.
December 15, 1988.
Rehearing Denied January 11, 1989.
Louie Gattis, pro se.
Kurt E. Ahrendt, Asst. General Counsel, Florida Parole Com'n, Tallahassee, for appellee.
WIGGINTON, Judge.
Gattis appeals the trial court's "Order Denying Petition for Extraordinary Relief" wherein the court considered Gattis' petition for writ of habeas corpus and concluded that sections 947.165 and 947.1745(4), Florida Statutes (1987), are constitutional and that there was no basis or showing of entitlement to extraordinary relief. We affirm.
Gattis' presumptive parole release date (PPRD) was established in August 1984 for August 22, 1987. No cause was found to modify that date at his biennial review in July 1986.
Ninety days prior to the arrival of Gattis' PPRD, and pursuant to section 947.1745(4), the Commission sent written notice to the sentencing judge that it intended to consider authorizing Gattis' effective parole release date (EPRD) and that it would consider any judicial objections to parole release. Shortly thereafter, the Commission received a letter from the judge expressing his objection to Gattis' release on parole based on his assumption that Gattis "has not received any treatment for his sexual problems. I am convinced that Mr. Gattis *641 is a pedophile and, if he has not received treatment, will proceed to do harm to another child." The judge went on to suggest that if he were wrong, and Gattis "has received treatment which is believed to have cured his problem, then I would have no objection to the release date."
On June 17, 1987, the Commission met to consider Gattis' EPRD and, based upon the objection by the sentencing court, extended his PPRD twenty-four months for a new date of August 24, 1989. Thereafter, in December 1987, Gattis filed his petition for writ of habeas corpus challenging the Commission action extending his PPRD and arguing that sections 947.165(1) and 947.1745(4) violate the separation of powers provision of article II, section 3, of the Florida Constitution, as well as violate the constitutional provision against ex post facto laws.
In 1986, the legislature, deeming important to the review of an inmate's PPRD the sentencing judge's objection thereto,[1] amended section 947.1745 to add subsection (4) providing that
... [w]ithin 90 days before the effective interview, the commission shall send written notice to the sentencing court of any inmate who has been scheduled for an effective parole release date interview... . [T]he sentencing court shall send to the commission notice of objection to parole release, provided the court objects to such release. If there is objection by the court, such objection may constitute good cause in exceptional circumstances as described in s. 947.173, and the commission may schedule a subsequent review within 2 years, extending the presumptive parole release date beyond that time.
In turn, section 947.165(1) was amended to include the provision that
... [i]n the event the sentencing court files a written objection to the parole release of an inmate as provided for in s. 947.1745(4), such objection may be used by the commission as a basis to extend the presumptive parole release date.
Based on the foregoing, we find no violation of chapter 947 in the Commission's action. Neither do we hold that sections 947.165(1) and 947.1745(4) unconstitutionally invade the separation of powers clause of the Florida Constitution by, according to Gattis, returning jurisdiction to the sentencing court to approve or disprove a PPRD granted by the Parole Commission. As argued by the Commission, the challenged statutes allow but do not require the Commission to extend the PPRD where there is a judicial objection to parole release. The ultimate parole decision under chapter 947 remains within the discretion of the Commission guided by its rules. Florida Parole and Probation Commission v. Paige, 462 So.2d 817 (Fla. 1985); May v. Florida Parole and Probation Commission, 435 So.2d 834 (Fla. 1983).
Equally without merit is Gattis' ex post facto argument. As was true in May v. Florida Parole and Probation Commission, the "discretionary element" of the Commission's decision in setting an inmate's presumptive parole release date and arriving at a final parole decision distinguishes Gattis' circumstances from those in Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). That difference was again recently recognized by the U.S. Supreme Court in its decision in Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), wherein the Court distinguished the federal parole guidelines cases from those involving Florida's sentencing guidelines, holding that Florida's revised guidelines did not provide "flexible `guideposts'" for use in the exercise of discretion. Id. 482 U.S. at ___, 107 S.Ct. at 2453, 96 L.Ed.2d at 363. Further, the Court observed that the revised sentencing guidelines adversely affected the sentence that the petitioner receives and their application to Miller was, therefore, an ex post facto violation. That latter observation was contrasted to the circumstances in *642 Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), wherein it was held that the new death penalty statute simply altered the methods employed in determining whether the death penalty was to be imposed.
Similarly, in the instant case, the amended sections 947.165(1) and 947.1745(4) represent a mere procedural change in or enlargement of the manner by which the Commission may exercise its discretion. Cf. Paschal v. Wainwright, 738 F.2d 1173 (11th Cir.1984). "A law which is merely procedural and does not add to the quantum of punishment ... cannot violate the ex post facto clause even if it is applied retrospectively." Id. at 1176, citing Weaver v. Graham. It must be kept in mind, Florida law at the time of Gattis' offense provided him with only eligibility for parole consideration and "the use of the terms `guidelines' and `presumptive parole release date' clearly conveys the message that the final parole decision will depend upon the commission's finding that the prisoner meets the conditions provided in section 947.18." May v. Florida Parole and Probation Commission, 435 So.2d at 837.
Accordingly, the trial court's order denying extraordinary relief is affirmed.
JOANOS and NIMMONS, JJ., concur.
NOTES
[1] See Florida Parole and Probation Commission v. Dornau, 534 So.2d 789 (Fla. 1st DCA 1988).