ERVIN, Judge.
The Florida Parole Commission appeals an order granting the petition for writ of mandamus filed by appellee, Prentice Snipes, which was based on a finding that the Commission erroneously extended Snipes’ presumptive parole release date (PPRD) based on a general judicial objection. The trial court agreed with Snipes and directed the Commission to reconsider Snipes’ PPRD. We reverse.
Snipes is currently serving sentences for attempted first-degree murder and aggravated assault. On February 13, 1991, the Commission notified Snipes’ sentencing court, pursuant to section 947.1745(4),[1] that *1178 he was being considered for an effective parole release date (EPRD), based upon his PPRD of May 7, 1991. The Commission supplied the sentencing judge with (1) a pre-sentence investigation report, (2) a psychological evaluation report, and (3) a case summary. The psychological specialist opined in the evaluation report, dated August 1 and 2,1990, that Snipes had a repetitive history of assaultive behavior and still had personality characteristics that would predispose him to “further violence, assaul-tive and criminal behavior,” and that release of Snipes on parole could pose a risk to society.
On February 28, 1991, Circuit Judge Thomas M. Carney objected to Snipes’ release, stating:
Please be advised I have reviewed the record of Mr. Snipes and do not believe he should be paroled prior to his release date.
(Emphasis added.) On March 27, 1991, the Commission held an EPRD review and extended Snipes’ PPRD to May 7, 1996, stating that it concurred with the opinion of the sentencing court. Snipes unsuccessfully sought administrative review and thereafter filed a petition for writ of mandamus, which the trial court granted, stating that although section 947.1745(4) authorizes the Commission to rely upon a general or nonspecific judicial objection as good cause to extend the PPRD, the Commission nevertheless abuses its discretion and violates an inmate's right to due process by relying upon a judicial objection that includes no explanation of the reasons for objecting. The court ordered the Commission to reconsider Snipes’ PPRD and “to require more than a general judicial objection if the objection is the sole basis for the extension or revocation of Petitioner’s PPRD.”
We conclude that the judicial objection in this case provided a proper basis under section 947.1745(4) for the Commission to modify Snipes’ PPRD. The sentencing court’s response indicated that it had objected to Snipes’ release based upon its review of the record, and, as above noted, the record before the court included the psychological report, which contained ample reason to regard Snipes as unsuitable for parole.
We consider this case to be distinguishable from our recent decision in Williams v. Florida Parole Commission, 18 Fla.L.Weekly D160, 1992 WL 383034 (Fla. 1st Dec. 28, 1992), wherein this court reversed a Commission order declining to authorize an EPRD based on a judicial objection and remanded for further proceedings concerning that objection. In Williams, there was conflicting information as to the appropriateness of parole; therefore, the identification of the evidence which the sentencing court relied upon was critical to a proper determination of whether the Commission’s suspension of Williams’ PPRD was arbitrary and capricious. In contrast, there is no contention in the instant case that the record contains conflicting evidence as to the question of Snipes’ suitability for parole.
Nevertheless, because of the probability that the issue presented in the present case may often recur in other cases, we certify the following question to the Florida Supreme Court as one of great public importance:
DOES AN OBJECTION TO A PPRD BY THE SENTENCING COURT, WHICH MERELY REFERS TO THE RECORD BUT DOES NOT PROVIDE A SPECIFIC REASON FOR THE OBJECTION, WHERE THE RECORD CLEARLY CONTAINS INFORMATION THAT SUPPORTS AN EXTENSION OF THE INMATE’S PPRD, CONSTITUTE GOOD CAUSE IN EXCEPTIONAL CIRCUMSTANCES, AS REQUIRED BY SECTION 947.1745(4), FLORIDA STATUTES (1989), AUTHORIZING THE FLORIDA PAROLE COMMISSION TO MODIFY A PPRD?
REVERSED and REMANDED with directions to the trial court to dismiss Snipes’ petition for writ of mandamus.
BARFIELD and WEBSTER, JJ., concur.

. Section 947.1745(4) provides, in part, as follows:
Within 90 days before the effective parole release date interview, the commission shall send written notice to the sentencing court of any inmate who has been scheduled for an effective parole release date interview. Within 30 days after receipt of the commission’s notice, the sentencing court shall send to the commission notice of objection to parole release, provided the court objects to such release. If there is objection by the court, such objection may constitute good cause in exceptional circumstances as described in s. 947.-173, and the commission may schedule a subsequent review within 2 years, extending the presumptive parole release date beyond that time. With any subsequent review the same procedure outlined above will be followed. If the court remains silent with respect to parole release, the commission may authorize an effective parole release date....
(Footnotes omitted.)