WOLF, Judge.
Florida Parole Commission (commission) appeals from an order granting mandamus relief to appellee. The issue is whether the trial court erred in ordering the commission to review appellee’s parole release date without regard to the objection received from the sentencing judge, and in requiring more than a general nonspecific judicial objection as the basis for extending appel-lee’s presumptive parole release date (PPRD). Based on the cases of Florida Parole and Probation Comm’n v. Dornau, 534 So.2d 789 (Fla. 1st DCA 1988), and Florida Parole Comm’n v. Snipes, 616 So.2d 1177 (Fla. 1st DCA 1993), we reverse the decision of the trial court. We do, however, certify the same question which was certified in Snipes as to the sufficiency of the judicial objection, and also certify a second question as to the reliance of the commission on a nonspecific objection from the sentencing judge where it had previously extended a PPRD based on the same nonspecific objection from the same judge.
On March 26, 1973, the appellee was convicted in the Broward County Circuit Court, case number 73-45CF, on three counts: (I) robbery, (II) assault with intent to commit murder in the second degree, and (III) aggravated assault. The Honorable M. Daniel Futch, Jr., circuit judge, sentenced the appellee to imprisonment for a term of 50 years on count I, 15 years on count II, and 5 years on count III.
Following the implementation of the Objective Parole Guidelines Act in 1979, the commission initially established the appel-lee’s PPRD at February 16,1984; however, on March 10, 1980, appellee escaped from incarceration which caused his PPRD to be vacated. The appellee was recaptured five years later, on March 27, 1985, and was returned to state custody.
In January 1986, the commission again established a PPRD for the appellee, initially setting it at December 2, 1990. Thereafter, as a result of biennial reviews, the commission eventually reduced appellee’s PPRD to June 2, 1988.
Prior to the June 2, 1988, release date, and pursuant to section 947.1745(4), Florida Statutes, the commission sent written notice to Judge Futch, the trial court judge who had imposed appellee’s sentence, informing him that the commission had scheduled Mr. Jackson’s effective parole release date (EPRD) interview. The package forwarded to Judge Futch included a current case summary and a postsentence investigative report, as well as findings from the commission’s most recent interviews with Mr. Jackson. On March 22, 1988, Judge Futch sent to the commission his judicial objection to parole release, which stated:
Please be advised, I have received your letter of March 8, 1988, concerning a possible parole release of Leroy Jackson. Please be further advised that I do object to parole release. Please see comments in the Post Sentence Investigation, I feel the same. I also feel that the protection *768 of society in this case should reign over the subject’s being released on an early parole.
On April 27, 1988, the commission considered all the information it had acquired concerning the appellee’s relative parole release risk, and decided not to authorize Mr. Jackson’s EPRD. This determination was based on the following:
A. Based on good cause in exceptional circumstances, pursuant to Section 947.1745(4) Florida Statutes, Circuit Judge M. Daniel Futch, Jr.’s letter of March 22, 1988, objection to parole release at this time. Judge Futch feels the protection of society in your case should reign over your being released on an early parole.
B. Unsatisfactory Institutional Adjustment (see Rule 23-21.002(5)) evidenced by Disciplinary Report of March 10, 1988, for Failure to Proceed and Return From Designated Area, for which you lost 120 days gain time, and your transfer from work release to Glades Correctional Institution.
As a result, the commission extended ap-pellee’s PPRD by 36 months, for a new date of June 2, 1991.
On May 4, 1988, Commission Chairman Tony Fontana wrote a letter back to Judge Futch explaining the commission’s declining to authorize an EPRD as follows:
At the April 27, 1988, Parole Commission meeting, the Commission extended the presumptive parole release date of the above inmate by 36 months to June 2, 1991. This decision was based on your objection to parole release, a disciplinary report for Failure to Proceed and Return From Designated Area and the transfer from work release back to prison for failure to adjust.
The Commission is in complete agreement that Jackson is not ready for release at this time. This was clearly evidenced by his failure to adjust when given an opportunity for work release.
We will continue to monitor Jackson’s progress and his case will be reviewed again in January, 1990.
If you have any questions or we may provide you with information in this case, or any case, please let us know.
In January 1990, following the commission’s third biennial review, it reduced ap-pellee’s PPRD by six months, to December 2,1990. Prior to the arrival of that date, in accordance with the statutory provisions, the commission once again notified Judge Futch of Mr. Jackson’s upcoming EPRD interview. As before, the package included current information on Mr. Jackson, including a case summary, psychological evaluations, and recent commission actions. On September 24, 1990, Judge Futch returned his second judicial objection to parole release for Mr. Jackson which stated as follows:
Please be advised that I am still opposed to parole for Leroy Jackson, A025680. I have reviewed the information forwarded to me and I am still of the opinion that our community is a better and more safe place to live without the presence of Mr. Jackson.
On October 21, 1990, the commission met to consider, once again, all the information it had gathered concerning the appellee, and the relative risk of releasing him into society under parole supervision. The commission decided not to authorize Mr. Jackson’s EPRD, stating as follows:
Based on good cause in exceptional circumstance, pursuant to Section 947.-1745(4) Florida Statutes, the Commission concurs with the opinion of the Seventeenth Judicial Circuit Court as it relates to the judicial objection dated September 24, 1990, and therefore chooses to extend your Presumptive Parole Release Date by 48 months to December 2, 1994.
As a result, the appellee’s PPRD was extended by 48 months, to December 2, 1994.
The appellee sought administrative review of this determination before the commission; however, the commission declined to modify its action. The appellee then sought judicial review, filing a petition for writ of mandamus in the circuit court below. On December 13, 1991, the lower court entered an order granting mandamus relief which found section 947.1745(4), Flor *769 ida Statutes, to be unconstitutional, declaring it to be “in violation of the separation of powers clause of the Florida Constitution. Art. Ill, § 3, Fla. Const.”
On December 23, 1990, the commission filed a motion for rehearing, indicating that the circuit court’s decision was contrary to the opinion of the First District Court of Appeal expressed in Gattis v. Florida Parole and Probation Comm’n, 535 So.2d 640 (Fla. 1st DCA 1989), rev. denied, 542 So.2d 1333 (Fla.1989), which held that sections 947.1745(4) and 947.165, Florida Statutes, are constitutional and do not unconstitutionally invade the separation of powers clause of the state constitution.
On January 28, 1992, the circuit court entered an order granting rehearing by which the court’s order granting mandamus relief was withdrawn. Subsequently, on March 6, 1991, the lower court entered an order granting mandamus relief upon rehearing. Therein, the circuit court “decline[d] to find Section 947.1745(4) facially unconstitutional.” However, the lower court went on to hold that the commission’s use of Judge Futch’s judicial objection to parole release violated the appellee’s right to substantive due process. The lower court thereupon ordered the commission “to rescind the action taken on October 31, 1990, regarding [Mr. Jackson’s] presumptive parole release date without regard to the judicial objection dated September 24, 1990 ...” and to require more than a nonspecific judicial objection as the basis for an extension of an inmate’s PPRD.
In Florida Parole Comm’n v. Snipes, 616 So.2d 1177 (Fla. 1st DCA 1993), this court rejected the argument that extension of a presumptive parole release date based on nonspecific judicial objections constituted a violation of due process. Previously, this court had determined that nonspecific judicial objections to a presumptive release date could be utilized to extend a presumptive release date pursuant to section 947.-1745(4) and 947.165(1), Florida Statutes. Florida Parole and Probation Comm’n v. Domau, 534 So.2d 789 (Fla. 1st DCA 1988). In the instant case, if anything, the objections were more specific than the one in Snipes. The instant case differs from Domau and Snipes in only one respect: Here, the commission utilized essentially the same objection from the sentencing judge on two occasions to extend presumptive release dates. While the trial judge received and reviewed additional information, he did not indicate that the new information was specifically utilized in reaching his opinion “that our community is a better and more safe place to live without the presence of Mr. Jackson.”
The commission- correctly points out that there is nothing in the statute or case law which precluded the commission from considering a continued or second objection from the sentencing judge. We, therefore, find that the trial judge erred in granting the petition for mandamus, but certify the question which was certified in Snipes, supra, plus an additional question concerning a second extension of the presumptive release date based on the same objection as a prior extension since that issue has not been previously addressed.
DOES AN OBJECTION TO A PPRD BY THE SENTENCING COURT, WHICH MERELY REFERS TO THE RECORD BUT DOES NOT PROVIDE A SPECIFIC REASON FOR THE OBJECTION, WHERE THE RECORD CLEARLY CONTAINS INFORMATION THAT SUPPORTS AN EXTENSION OF THE INMATE’S PPRD, CONSTITUTE GOOD CAUSE IN EXCEPTIONAL CIRCUMSTANCES, AS REQUIRED BY SECTION 947.1745(4), FLORIDA STATUTES (1989), AUTHORIZING THE FLORIDA PAROLE COMMISSION TO MODIFY A PPRD?
MAY THE PAROLE COMMISSION UTILIZE A JUDICIAL OBJECTION TO EXTEND A PRESUMPTIVE RELEASE DATE WHERE THE COMMISSION HAS EXTENDED AN EARLIER PRESUMPTIVE RELEASE DATE BASED ON A PREVIOUS OBJECTION FROM THE SAME JUDGE WHERE THAT JUDGE HAS BEEN PROVIDED UPDATED INFORMATION BUT IT IS UNCLEAR WHETHER THIS INFORMATION WAS UTILIZED AND THE OBJECTION IS BASED ON THE SAME *770 GROUNDS AS THE PRIOR OBJECTION?
Reversed and remanded with directions to the trial court to dismiss Jackson’s petition for writ of mandamus.
ALLEN and KAHN, JJ., concur.