IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM INMON,

      Petitioner,

v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4785

Opinion filed April 17, 2015.

Petition for Writ of Certiorari – Original Jurisdiction.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for
Petitioner.

Mark Hiers, Assistant General Counsel, Florida Commission on Offender Review,
Tallahassee, for Respondent.

WOLF, J.

      Petitioner Inmon files a petition for writ of certiorari challenging the circuit

court's denial of a petition for writ of mandamus in which he challenged the continued

suspension of his presumptive parole release date by the Florida Commission on

Offender Review. Petitioner raises several issues. We find none have merit, but we

address one: whether the circuit court departed from the essential requirements of the

law in finding that permitting the sentencing court to raise objections to petitioner being released on parole, as provided by section 947.1745(6), Florida Statutes (2013), did not violate the ex post facto clause.

Petitioner argues that permitting the sentencing court to raise objections to him being released on parole pursuant to section 947.1745(6) violates the ex post facto clause of the Florida and federal constitutions because subsection (6) was not in existence at the time he was convicted.

Section 947.1745(6) provides that prior to an effective parole release date interview, "the commission shall send written notice to the sentencing judge of any inmate who has been scheduled for an effective parole release date interview" and instructs that the sentencing court "shall send to the commission notice of objection to parole release, if the judge objects to such release."

Petitioner asks this court to rely on the reasoning of this court's opinion in Williams v. Florida Parole Commission and find that the retroactive application of subsection (6) violates the ex post facto clause. Williams v. Fla. Parole Comm'n, 625 So. 2d 926 (Fla. 1st DCA 1993), receded from on other grounds by Sheley v. Fla. Parole Comm'n, 703 So. 2d 1202 (Fla. 1st DCA 1997). The Williams court declined to rule on this issue but asserted in dicta that it was "not . . . clear that the ex post facto argument . . . lacks colorable merit," noting that the Supreme Court of the United States has held that the retroactive application of some parole statutes and regulations

violated the ex post facto clause whereas the retroactive application of other parole statutes did not. Id. at 935.

Petitioner recognizes that in Gaines v. Florida Parole Commission, 743 So. 2d 118, 121-22 (Fla. 4th DCA 1999), the Fourth District found the retroactive application of subsection (6) did not violate the ex post facto clause. However, he asks this court to reject the Fourth District's holding and adopt the suggestion in Williams that the retroactive application of subsection (6) constitutes an ex post facto violation.

The Commission notes that below, the lower court correctly held that this court expressly rejected this ex post facto argument in Gattis v. Florida Parole & Probation Commission, 535 So. 2d 640 (Fla. 1st DCA 1988). In Gattis, this court held:

> Equally without merit is Gattis' ex post facto argument. . . .
>
> . . . [T]he amended section[] 947.1745(4) [now codified at 947.1745(6)] represent[s] a mere procedural change in or enlargement of the manner by which the Commission may exercise its discretion. *Cf. Paschal v. Wainwright,* 738 F.2d 1173 (11th Cir.1984). "A law which is merely procedural and does not add to the quantum of punishment ... cannot violate the ex post facto clause even if it is applied retrospectively." *Id.* at 1176, citing *Weaver v. Graham.* It must be kept in mind, Florida law at the time of Gattis' offense provided him with only eligibility for parole consideration and "the use of the terms 'guidelines' and 'presumptive parole release date' clearly conveys the message that the final parole decision will depend upon the commission's finding that the prisoner meets the conditions provided in section 947.18." *May v. Florida Parole and Probation Commission,* 435 So.2d at 837.

535 So. 2d at 641-42. See also Ch. 93-61 § 9, Laws of Fla. (renumbering subsection 947.1745(4) as subsection (6)).

3

Gattis predates Williams by 5 years. Thus, it seems the Williams court must have overlooked the Gattis opinion when the Williams court commented in dicta that it was "not . . . clear that the ex post facto argument . . . lacks colorable merit." Williams, 625 So. 2d at 935. The Fourth District noted this discrepancy in Gaines, 743 So. 2d at 120, explaining:

> In *Gattis,* 535 So. 2d at 641-42, the first district determined that application of the procedures of section 947.1745 to prisoners convicted prior to its enactment was not an *ex post facto* violation of the Florida Constitution. However, that same court later suggested in *dictum* that the statute may indeed constitute such a violation. *See Williams v. Florida Parole Comm'n,* 625 So.2d 926, 935-36 (Fla. 1st DCA 1993) . . . ."

Regardless of the dicta in Williams, the Gattis court squarely addressed this issue and found that the retroactive application of subsection (6) does not violate the ex post facto clause. We, therefore, DENY the petition for writ of certiorari.

MAKAR and OSTERHAUS, JJ., CONCUR.