Patrick JOHNSON, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary of Florida Department of Offender Rehabilitation, and Kenneth Simmons, etc., Respondents-Appellees.

No. 85–5052
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 30, 1985.

Sheryl J. Lowenthal, Coral Gables, Fla., for petitioner-appellant.

Frank Migliore, Jr., Asst. Atty. Gen., Tampa, Fla., for L. Wainwright.

Kurt Ahrendt, Tallahassee, Fla., for Florida Parole.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant contends that when Florida adopted the Objective Parole Guidelines Act (OPGA), Fla.Stat.Ann. 947.001–.24 (1983 Supp.), and applied them to him, it violated the constitutional prohibition against passing ex-post-facto laws. Prior to OPGA the parole commission had discretion to release prisoners on a case-by-case basis in light of several relevant factors. OPGA, in an effort to eliminate the arbitrariness and capriciousness that had crept into the old system, required the commission to establish presumptive release dates based on the "seriousness of the offense" and "the likelihood of a favorable parole outcome."

This court in *Paschal v. Wainwright,* 738 F.2d 1173 (11th Cir.1984), upheld OPGA against an ex-post-facto attack. We held that under both the new and old law the ultimate discretion on parole remained with the commission and that because the OPGA merely made a procedural change in how this discretion was exercised there was no ex post facto violation.

Appellant concedes that *Paschal* held that the ultimate discretion still remains with the commission but contends that his ex-post-facto rights have been violated because OPGA imposes new standards on the exercise of this discretion. Specifically, he relies on the fact that under the old system the goal of rehabilitation played a larger role in determining release dates than it does under the new system. This attempted distinction fails. The guidelines have clarified the commission's exercise of its discretion. *Paschal* at 1179. The commission has created a system by which it attempts to use its discretion in a more uniform manner than previously. The substantive power of the commission remains unchanged; only the manner in which it exercises this power has been altered. Accordingly, the district court correctly held that its decision was controlled by *Paschal.*

AFFIRMED.