John Albert KELLY, Petitioner–
Appellant,

v.

D.J. SOUTHERLAND, Warden; Federal
Correctional Institution, Talladega,
Alabama, Respondents–Appellees.

No. 91–7168
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 10, 1992.

Amanda Maxwell, Coconut Grove, Fla., for petitioner-appellant.

Frank W. Donaldson, U.S. Atty., Winfield J. Sinclair, Birmingham, Ala., for respondents-appellees.

Before TJOFLAT, Chief Judge, FAY and BIRCH, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of a petition for a writ of habeas corpus. The petitioner, a federal prisoner, committed a drug related infraction while incarcerated. He alleges that the United States Parole Commission violated the Constitution's *ex post facto* clause when it postponed his release date by applying the rescission guidelines in effect at the time of his parole hearing, rather than those in effect at the time of the infraction. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND:

The petitioner, John Albert Kelly, was sentenced on March 31, 1983 to ten years in

prison for his role in a conspiracy to import and distribute marihuana and cocaine. Following a subsequent trial, Mr. Kelly was convicted of racketeering and received a consecutive ten-year sentence. On February 18, 1984, while Mr. Kelly was imprisoned pursuant to his 1983 conviction, marihuana and money were discovered in his prison quarters. He was found to have committed a prison disciplinary infraction.

Mr. Kelly received his initial hearing before the United States Parole Commission (Parole Commission) in May 1989. The Parole Commission evaluated Mr. Kelly's release date with respect to the 1984 prison infraction according to 28 C.F.R. § 2.36 (1988), the rescission guidelines in effect at the time of the hearing.[1] Mr. Kelly's release date was then postponed by eight months, as opposed to the maximum of two months recommended by 28 C.F.R. § 2.36 (1983), the guidelines in effect at the time of the infraction.

On March 13, 1990, Mr. Kelly filed a *pro se* petition for a writ of habeas corpus in the United States District Court for the Northern District of Alabama, alleging that the Parole Commission violated the *ex post facto* prohibition when it applied the guidelines retroactively, enhancing the punishment for his crime. The court dismissed the petition following the report and recommendation of the Magistrate. Mr. Kelly appeals.

DISCUSSION:

The petitioner alleges that the Rescission Guidelines, 28 C.F.R. § 2.36(a)(1), are disciplinary penalties and as such are subject to the *ex post facto* clause which commands that "[n]o ... ex post facto Law shall be passed," U.S. Const. art. I, § 9, cl. 3.

In *Dufresne v. Baer*, 744 F.2d 1543 (11th Cir.1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 61, 88 L.Ed.2d 49 (1985), we noted that "[a]n ex post facto law possesses three characteristics: it is a criminal or penal measure, retrospective, and disad-

vantageous to the offender because it may impose greater punishment." *Id.* at 1546 (footnote omitted) (citing *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977)). The petitioner in *Dufresne*, having pled guilty to the charge of conspiracy to import cocaine, was eligible for parole at the discretion of the Parole Commission. We determined that the parole guidelines, although applied retroactively to petitioner, did not apply as *ex post facto* laws because "the guidelines neither worked to petitioner's detriment nor constituted a criminal or penal law." *Id.* at 1547. In *Dufresne*, we concluded that:

> the Commission's guidelines are, simply, guidelines. They are not promulgated by any legislature. Rather, they are stated policy rules that show how agency discretion is likely to be exercised. They do not state rules of conduct for the public. A change in the guidelines does not affect the maximum or minimum prison sentence a court may impose, the point at which the prisoner becomes eligible for parole or his mandatory release date on good time.

*Id.* at 1549–50 (footnote omitted).

Whether the rescission guidelines at issue can properly be denominated "laws" within the purview of the *ex post facto* clause is a question of first impression. In *Marshall v. Lansing*, 839 F.2d 933 (3d Cir. 1988), the Third Circuit noted that the Parole Commission had initially misapplied the rescission guidelines by imposing the harsher penalty in effect in 1986 to an infraction that occurred before the guidelines were amended. However, the Third Circuit did not have the *ex post facto* issue before it because the Parole Commission had already reevaluated the petitioner's release date by applying to each infraction the rescission guideline that was in effect at the time of the corresponding infraction.

We find no significant distinction between parole guidelines and rescission

---

1. This guideline recommends postponement of a prisoner's release date by zero to eight months for the use or simple possession of illicit drugs while incarcerated.

guidelines. Rescission guidelines are, in a sense, nothing more than a subcategory of the parole guidelines and as such are subject to being amended by the Parole Commission "to reflect contemporary views concerning the seriousness of given crimes and parole recidivism. Such amendments are not indicative of provisions which have the force and effect of law." *Dufresne*, 744 F.2d at 1550 (citation omitted). Furthermore, both the 1984 rescission guidelines, 28 C.F.R. § 2.36(b) (1983), and the 1988 rescission guidelines, 28 C.F.R. § 2.36(b) (1988), expressly state that they are merely guidelines, and that a decision above or below those guidelines is authorized as long as specific reasons are given.

Accordingly, because the application of the rescission guidelines in effect at the time of Mr. Kelly's hearing did not violate the *ex post facto* clause, the district court properly denied the petition.

AFFIRMED.