United States Court of Appeals,

Eleventh Circuit.

No. 94-8520.

Charles A. O'KELLEY, Plaintiff-Appellee,

v.

Wayne SNOW, Jr., Chairman, James T. Morris, Bettye O. Hutchings, David C. Evans, Timothy E. Jones, Members, Georgia State Board of Pardons & Paroles, Defendants-Appellants.

May 25, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:90-CV-2822-JOF), J. Owen Forrester, Judge.

Before DUBINA and BLACK, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Defendants/appellants, members of the Georgia State Board of Pardons and Paroles ("the Board"), appeal the district court's judgment entered in favor of plaintiff/appellee Charles A. O'Kelley ("O'Kelley") in this prisoner civil rights action.

We reverse and render judgment for the Board.

I. *STATEMENT OF THE CASE*

A. *Facts*

On February 28, 1990, the Board issued a parole decision to O'Kelley, a Georgia state prison inmate. At that time, O'Kelley had a total parole success likelihood score of 7, crime severity level of I or II, and 12 months recommended to serve from the Parole Decision Guidelines. The Board, however, determined that the crime severity level and/or the parole success factors did not adequately reflect the true nature of O'Kelley's case and instead set a tentative parole date of August 1994. The Board explained

that Factor D [Parole or Probation Failure] did not fully reflect the seriousness of O'Kelley's prior probation and parole failures. On December 3, 1990, the Board issued a second parole decision regarding O'Kelley. O'Kelley's total parole success score remained the same, but his crime severity level was increased to Level V, and the recommended months to serve increased to 40. Again, the reason given by the Board was that Factor D did not fully reflect the seriousness of O'Kelley's prior probation and parole failures.

B. *Procedural History*

O'Kelley filed a *pro se* 42 U.S.C. § 1983 action alleging that the Board violated his constitutional rights in departing from the recommendation from the Parole Decision Guidelines System. Specifically, O'Kelley's complaint alleged that the Board: (1) failed to use legislatively-mandated criteria in determining his reparole eligibility; (2) failed to explain adequately the specific reason for its actions; (3) abused its discretion by acting outside of its authority and outside the statutorily set limits for administrative parole violations sanctions; and (4) deprived O'Kelley of his liberty without due process of law. O'Kelley sought declaratory and injunctive relief "to prevent defendants' further irreparable injury to the plaintiff with their arbitrary and [capricious] decision making." In addition, O'Kelley stated in his complaint that he had never violated probation or parole prior to this parole revocation.[1]

---

[1] At trial, the Board presented evidence showing, contrary to O'Kelley's assertion in his complaint, that O'Kelley had committed several probation and parole violations, including the commission of criminal trespass, cruelty to children, and simple battery while on parole.

The district court appointed counsel to represent O'Kelley. Subsequently, the Board filed a motion to dismiss contending that O'Kelley had no procedural due process interest in parole, that his claim that his parole file contained false information failed to state a claim, and that he was not entitled to a more specific explanation concerning the Board's action. The district court denied the Board's motion to dismiss and the action proceeded to a bench trial.

According to the proposed pretrial order submitted by the parties, the issue to be tried was "[w]hether the State Board of Pardons and Paroles' decision to depart from the Parole Decisions Guidelines—the Grid—violates the Plaintiff prisoner's right to due process under the Fourteenth Amendment." On the date of trial, the court held a pretrial conference with the attorneys for the parties in order to focus on the issues to be tried. Specifically, the court stated in its order "[i]t became clear to the court that Plaintiff was seeking only the reasons for the Board's decision to vary from the tentative parole date set by the Board's guidelines." District Court's order at 2.[2]

---

[2]The court discussed with O'Kelley's attorney what relief O'Kelley wanted:

> THE COURT: What do you want me to do today, just make them say why [the Board did not adhere to the Guidelines]?
>
> MR. JONES: Yes, sir.
>
> THE COURT: What Mr. Jones wants right now is he ... wants to know ... what did the parole board know about pardons and parole failures at the time it made the decision not to grant parole.

District Court's Order at 2 (quoting Trial Transcript, p. 14

During the trial, the Board admitted into evidence a summary chart of some exhibits containing information concerning probation and parole incidents and convictions which were considered by the Board at the time parole was denied. The court verified that if O'Kelley submitted any comments based on the chart or the information contained therein, it would be deemed to be pertinent information and would be read and considered by the Board. The court then stated:

> [I]t seems to the court that the relief that Mr. O'Kelley seeks at this stage is complete and has been achieved, and there is no purpose further to the action at this stage. Accordingly, it will be dismissed—well, it will be concluded with, technically, a judgment entered in favor of Mr. O'Kelley. I guess technically that is correct, in that he has achieved what he sought on the date of trial.

Trial Transcript at 40-41.

The court then proceeded to enter judgment in favor of O'Kelley and against the Board. The Board filed a motion to amend the findings and amend the judgment, arguing that its demonstration of O'Kelley's misrepresentations in his complaint when he claimed he had no prior parole or probation violations, did not entitle O'Kelley to a judgment in his favor. The district court denied the Board's motion and then awarded O'Kelley's counsel attorneys' fees in the amount of $1,346.18. The Board then perfected this appeal.

## II. *ISSUES*

The issues presented on appeal are (1) whether the district court erred in entering judgment for O'Kelley; and (2) whether O'Kelley's "victory" was merely technical, such that he is not entitled to an award of attorneys' fees.

---

and 35).

## III. *STANDARD OF REVIEW*

A district court's findings of fact in actions tried without a jury may not be reversed unless clearly erroneous. Fed.R.Civ.P. 52(a). "This court may correct errors of law or findings of fact based on "misconceptions of the law,' " *Worthington v. United States,* 21 F.3d 399, 400 (11th Cir.1994) (citation omitted), and we review the district court's conclusions of law *de novo. Id.*

This court reviews an award of attorneys' fees for an abuse of discretion, but "closely scrutinizes questions of law decided by the district court in reaching the fee award." *Hollis v. Roberts,* 984 F.2d 1159, 1160 (11th Cir.1993) (citation omitted).

## IV. *ANALYSIS*

The Board argues that the district court erred in granting judgment for O'Kelley because Georgia law creates no liberty interest in parole. Accordingly, the Board contends that O'Kelley is not entitled to procedural due process protections in the parole consideration system.

We recently decided that the Georgia parole system does not create a constitutionally protected liberty interest in parole. *Sultenfuss v. Snow,* 35 F.3d 1494 (11th Cir.1994) (en banc), *cert. denied,* --- U.S. ----, 115 S.Ct. 1254, 131 L.Ed.2d 134 (1995).[3] Moreover, "[u]nless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." *Slocum v. Georgia State Board of Pardons and Paroles,* 678 F.2d 940,

---

[3]At the time the district court entered its judgment in this case, it did not have the benefit of our *en banc* decision in *Sultenfuss.*

942 (11th Cir.1982) (citation omitted). Thus, it is now clear that there is no constitutional basis for O'Kelley's due process claim.

O'Kelley responds that the liberty interest in parole "was not the basis of the district court's decision." Appellee's Brief at 8. Instead, O'Kelley argues that the Board "came to trial and presented evidence of what those prior parole and probation failures were," and, accordingly, "O'Kelley obtained some of the relief which he had sought for so long." *Id.* at 9-10. According to O'Kelley, therefore, the district court's entry of judgment in his favor was proper. Indeed, the district court, in its order denying the Board's motion to amend the judgment, enumerated two reasons why the Board's argument against granting judgment for O'Kelley must fail: (1) because O'Kelley "prevailed on the relief which his attorney said he was seeking on the day of trial;" and (2) because the Board did not object when the court announced that for technical reasons, judgment would be entered in favor of O'Kelley. District Court's Order at 3.

The problem with the district court's order is that the court made no finding of a federal constitutional violation, which is a threshold requirement for a § 1983 action. Moreover, the court made no factual or legal findings in O'Kelley's favor at all. Rather, because the Board presented some evidence to document that O'Kelley had lied in his complaint and actually had numerous parole violations, he was granted a "technical" judgment because his attorney stated that all he wanted was to know the reasons for the Board's parole decision. As noted above, O'Kelley had no constitutional right to procedural due process protections, and,

therefore, he had no right to an explanation for departure from the parole guidelines.  There is no procedural due process requirement that obligates the Board to explain why it did not adhere to the Parole Decision Guidelines, and the mere fact that the Board provided evidence to support its decision does not mean that O'Kelley has succeeded on his constitutional claim.  Indeed, O'Kelley has no constitutional claim.  Accordingly, we reverse the judgment of the district court and render judgment in favor of the Board.[4]

REVERSED and RENDERED.

*   *   *   *   *   *

---

[4]Because O'Kelley is no longer a prevailing party in this cause, we also vacate the district court's award of attorneys' fees.