[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2006
THOMAS K. KAHN
CLERK

No. 06-11022
Non-Argument Calendar

_____

D. C. Docket No. 05-00343-CV-N-MP-WCS

ARLEN K. LESLEY,

                                                            Plaintiff-Appellant,

versus

MONICA DAVID,
as Commission Chairwoman, Florida Parole
Commission,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 28, 2006)**

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Arlen Lesley, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his § 1983 action and denial of his motion to alter or amend judgment. For the reasons that follow, we affirm.

## I. Background

Lesley filed a pro se § 1983 complaint against Florida Parole Commission Chairwoman Monica David, alleging a violation of his rights under the due process, equal protection, and ex post facto clauses because the application of new parole guidelines resulted in an extension of his original parole date. According to his 2005 complaint in the district court, Lesley was convicted of murder in 1976 and was to be eligible for parole after twenty-five years imprisonment. During an interview in June 1999, officials noted a 1973 firearms charge, which had been brought out during Lesley's trial, and changed the parole date to November 2005. In July 1999, the Commission instituted new, harsher parole guidelines, resulting in a new parole date of November 2030 and a re-interview date for parole consideration of April 2004. Lesley learned of the application of the new, harsher parole guidelines, his 2030 parole date, and the 2004 re-interview date in 1999. Lesley was interviewed again in 2004, but the tentative parole date remained the same.

The magistrate judge conducted the required screening under the Prison

Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, and recommended that the complaint be dismissed as untimely. The magistrate judge found that Lesley knew or should have known of his claim when he was interviewed in 1999 and that each subsequent parole reconsideration was not a separate injury. Under Florida law, the applicable statute of limitations was four years, making the 2005 complaint untimely. The magistrate judge also determined that Lesley's complaint failed on the merits.

Lesley objected to the magistrate judge's findings and alleged that the magistrate judge overlooked the other dates. He asserted that the 2004 re-interview was not just an on-going denial because it concerned the application of newer and even harsher guidelines than applied in July 1999. Finally, Lesley noted that the magistrate judge failed to consider that inmates were not permitted to raise parole challenges in a § 1983 action until a 2005 Supreme Court decision, Wilkinson v. Dotson, 544 U.S. 74 (2005) (holding that habeas corpus petitions were not the exclusive remedy for prisoners seeking declaratory or injunctive relief for parole eligibility decisions). Over Lesley's objections, the district court adopted the magistrate judge's recommendation and dismissed Lesley's complaint.

Lesley moved to alter or amend judgment under Federal Rule of Civil Procedure 59(e), arguing that the judge erred by focusing on the 1999 date and by

failing to consider the impact of Wilkinson. The district court denied the motion, finding that Lesley had not explained how his complaint was timely.

## II. Discussion

Lesley argues that the district court erroneously dismissed his complaint because it mistakenly focused only on the 1999 date as the date on which he should have been aware of his cause of action. He contends that the court should have considered the other dates to determine whether this complaint was timely. He notes that Wilkinson was not decided until after the limitations period expired in 2003 and he could not have raised his claims in a § 1983 action before then.

We review a district court's application of the statute of limitations de novo. Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 n.2 (11th Cir. 2003). "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). Federal law determines when the statute of limitations begins to run; generally, "the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. In Florida, the statute of limitations for personal injury actions is four years. City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002).

Here, Lesley knew of the November 2030 parole date and April 2004 re-interview date in 1999. Yet, he waited six years before filing his federal claim in 2005. Therefore, his claims relating to the Commission's actions in 1999 were untimely.[1]

To the extent that Lesley challenges the application of newer and even harsher guidelines in 2004, the claim fails on the merits. Title 42 U.S.C. § 1983 provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions. 42 U.S.C. § 1983. Section 1983 is merely a vehicle by which to bring these suits; it does not create any substantive federal rights. Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996). Therefore, Lesley must point to a specific federal right that the defendant violated. Id. Lesley claims violations of the ex post facto, due process, and equal protection clauses.

Under the guidelines applied in 2004, Leslie's parole date remained the same and he received a re-interview five years in the future just as he had under the guidelines applied in 1999. Therefore, Lesley cannot meet his burden to show an ex post facto violation because he cannot show how the new guidelines, "'as

---

[1] Lesley's argument regarding Wilkinson does not change our conclusion. Wilkinson merely holds that a § 1983 action is an appropriate vehicle for Lesley's claim. It does not address the standards applicable to timeliness decisions.

applied to his sentence,' 'created a significant risk of increasing his punishment.'" Harris v. Hammonds, 217 F.3d 1346, 1347 (11th Cir. 2000) (per curiam) (quoting Garner v. Jones, 529 U.S. 244, 255 (2000)).

Lesley's due process and equal protection claims also fail. Only when a state maintains a parole system that creates a legitimate expectation of parole does it establish a liberty interest in parole that is subject to the protections of the Due Process Clause. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 12 (1979). Florida's parole system leaves the decision of whether to grant parole "to the discretion of the [Parole] Commission." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir. 1986). Accordingly, Lesley does not have a legitimate expectation of parole and cannot establish a due process violation.

To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race. Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam). Even construing Lesley's pro se complaint and brief liberally, we conclude that he has failed to allege any facts to establish that he meets these requirements.

Finally, we review the district court's denial of a motion to alter or amend

6

under Rule 59(e) for abuse of discretion.  <u>Lambert v. Fulton County</u>, 253 F.3d 588, 598 (11th Cir. 2001).  Here, Lesley's Rule 59(e) motion simply reiterated his earlier claims.  Having concluded that the district court properly dismissed those claims, we also affirm the district court's denial of Lesley's Rule 59(e) motion.

For the foregoing reasons, we **affirm** the district court's dismissal of Lesley's complaint.