[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14389
Non-Argument Calendar

_____

D. C. Docket No. 05-00047-CV-1-MMP-WCS

NORRIS MICHAEL THOMAS,

Petitioner-Appellant,

versus

JAMES MCDONOUGH,
Secretary, Department of Corrections,
FLORIDA PAROLE COMMISSION,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 15, 2007)**

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Norris Michael Thomas, a Florida prisoner proceeding pro se, challenges the

district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Thomas's petition included a claim that the Florida Parole Commission had committed an ex post facto violation by performing only biannual parole reviews, where annual parole reviews had been required at the time of Thomas's conviction in 1969 for second-degree murder. The district court concluded that this claim was properly brought under 42 U.S.C. § 1983, and denied it as not being cognizable under § 2254. The district court also denied all other claims in Thomas's petition.

On October 23, 2006, we granted Thomas a certificate of appealability on one issue:

> Whether the district court erred in determining that appellant's challenge that the retroactive application of the amended Florida parole guidelines allowing for a parole review every two years, instead of every year as provided in the guidelines in effect at the time appellant was convicted, constituted an ex post facto violation was not a cognizable claim under 28 U.S.C. § 2254.

The Supreme Court has held that habeas remedies do not take the place of § 1983 actions when success in the suit would not necessarily result in a speedier release. Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242 (2005). In Wilkinson, two state prisoners challenged the constitutionality of state parole procedures under § 1983. The Court discussed its precedent, concluding that § 1983 remains available to a prisoner whose success in the action "would not necessarily spell immediate or speedier release for the prisoner." Id. at 81, 125 S. Ct. at 1247.

2

Because the prisoners' challenge in <u>Wilkinson</u> would only invalidate the parole eligibility procedures, success would not spell an earlier release.  <u>Id.</u> at 82, 125 S. Ct. at 1248.

In <u>Hutcherson v. Riley</u>, 468 F.3d 750 (11th Cir. 2006), <u>cert denied</u>, 127 S.Ct. 467 (2006), we held that "[a]n inmate convicted and sentenced under state law may seek federal relief under two primary avenues: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983."  <u>Id.</u> at 754 (internal quotation marks and citation omitted).  Further, "these avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." <u>Id.</u>

We agree with the district court that Thomas's challenge to the parole eligibility procedure is not properly brought under § 2254.  The Court in <u>Wilkinson</u> held that claims like Thomas's are cognizable under § 1983.  Because § 1983 and § 2254 are mutually exclusive, Thomas's claim cannot be brought under § 2254. <u>Hutcherson</u>, 468 F.3d at 754.  Therefore, the district court correctly denied Thomas's § 2254 petition.

**AFFIRMED.**