[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13524
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00180-CV-4-RH-WCS

JEFFREY WALKER,

Plaintiff-Appellant,

versus

FLORIDA PAROLE COMMISSION,
MONICA DAVID,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 6, 2008)

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Jeffrey Walker appeals the district court's 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim and failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

On appeal, Walker argues that the district court erred when it dismissed his complaint for failure to state a claim, because he did not claim a constitutional right to parole, but rather claimed due process violations by Monica David, Commissioner of the Florida Parole Board (herein referred to as the "Commission") for not "following [the Parole Board's] rules," which once implemented created a state liberty interest that could not be arbitrarily denied.[1] Lastly, Walker contests the imposition of the filing fee provisions of 28 U.S.C. § 1915(b), asserting that while these provisions apply to civil actions, they do not apply to post-conviction proceedings concerning criminal sentences, such as parole hearings. Consequently, he argues, its provisions do not apply to his complaint concerning the denial of due process in the calculation of his PPRD. We affirm.

A district court's <u>sua sponte</u> dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed <u>de novo</u>, using the same standards that

---

[1] Walker also argues that the district court erred in dismissing his complaint for failure to exhaust his administrative remedies, because he sought discretionary review of his Presumptive Parole Release Date (PPRD) calculations by the Commission. He also argues that because review is not mandatory, his remedies should be deemed exhausted. However, because we have determined that he failed to state a claim, we will not address this alternative holding of the district court.

govern Fed.R.Civ.P. 12(b)(6) dismissals. Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997). Under that standard we "view the allegations in the complaint as true." Id. at 1490. The Supreme Court has recognized that pro se complaints are held to "less stringent standards" than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972).

A civil rights action, brought pursuant to § 1983, must allege that (1) the complainant was deprived of a federal right (protected by either the Constitution or federal statute) by (2) a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). As a general rule, in order to sustain a procedural due process violation, one must have a liberty interest created by the United States Constitution or by a state. Monroe v. Thigpen, 932 F.2d 1437, 1441 (11th Cir. 1991). Interests protected by the Due Process Clause may be created by prison regulations, see Wolff v. McDonnell, 418 U.S. 539, 556-58, 94 S.Ct. 2963, 2975 (1974), and state statutes and regulation, Vitek v. Jones, 445 U.S. 480, 488, 100 S.Ct. 1254, 1261 (1980). The Constitution does not confer a liberty interest in parole, Monroe, 932 F.2d at 1441, and the Florida statutes do not create a liberty interest in parole, because the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir. Unit B

3

1982). There is no liberty interest in the calculation of Florida's "presumptive parole release date" even though it is binding on the Commission, because the ultimate parole decision is a matter of Commission discretion. Damiano v. Florida Parole and Probation Comm'n, 785 F.2d 929, 932 (11th Cir. 1986). See also Hunter v. Florida Parole & Probation Comm'n, 674 F.2d 847 (11th Cir. 1982) (holding no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date").

Where there is no liberty interest in parole, "the procedures followed in making the parole determinations are not required to comport with the standards of fundamental fairness." O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir. 1995). However, a limited exception to this rule exists when there is "flagrant or unauthorized action" by the Board. Monroe, 932 F.2d at 1441. In Monroe, we held that a parole board's discretion is not unlimited, and determined that the parole board's reliance on admitted false information constituted "unauthorized action." Id. at 1442. Although an inmate has no due-process right to an error-free determination of parole eligibility, see Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04 (1979), a prison official may not engage in "arbitrary and capricious" or "flagrant or unauthorized action,"

4

Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982), such as knowingly or admittedly relying on false information in making parole decisions, Monroe, 932 F.2d at 1442 n.11. However, prisoners do not state a due process claim by simply asserting that erroneous information might have been used during their parole consideration. Slocum v. Georgia State Bd. of Pardons and Paroles, 678 F.2d 940 (11th Cir.1982). Additionally, nothing in due process concepts requires a parole board to specify the particular "evidence" in the inmate's file or at his interview on which it rests its discretionary determination to deny release. Greenholtz, 442 U.S. at 15, 99 S.Ct. at 2108.

Because the Commission did not act in an arbitrary and capricious fashion by not explaining why certain aggravators were used to calculate his PPRD outside the matrix, and Walker does not have a liberty interest in certain parole procedures he alleged were not followed, the district court did not err by dismissing Walker's complaint for failure to state a claim. Accordingly, we affirm as to this issue.

Although the Prison Litigation Reform Act (PLRA) does not apply to habeas corpus proceedings, it does apply to all other civil actions brought by prisoners. Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997) (explaining that "Congress promulgated the PLRA to curtail prisoner tort, civil rights and conditions litigation, not the filing of habeas corpus petitions"). Section 1915(b) of

5

Title 28 requires that a prisoner who brings a civil action and requests <u>in forma pauperis</u> status must pay the full amount of the filing fee either in whole or in installments.  This section applies to 42 U.S.C. § 1983 civil actions.  <u>Id.</u>

Because Walker filed a <u>pro se</u> civil rights complaint, pursuant to 42 U.S.C. § 1983, not a habeas corpus petition, PLRA's filing fee requirements under 28 U.S.C. § 1915(b) are applicable to Walker.  Therefore, the district court did not err by requiring Walker pay filing fees pursuant to § 1915(b).  Accordingly, we affirm as to this issue.

**AFFIRMED.**