**Joseph TOOMA, Plaintiff,**

v.

**FLORIDA PAROLE COMMISSION,
Defendant.**

**No. 08–CIV–22024.**

United States District Court,
S.D. Florida.

April 10, 2009.

Joseph Tooma, Miami, FL, pro se.

Kim Michelle Fluharty, Florida Department of Financial Services, Theodore Allen Avellone, Florida Parole Commission, Tallahassee, FL, for Defendant.

## *ORDER*

WILLIAM M. HOEVELER, District Judge.

THIS CAUSE comes before the Court upon the plaintiff's objections to the Final Report of the Magistrate Judge, recom-

mending dismissal of the plaintiff's complaint. The Court has reviewed the Report, plaintiff's objections, and pertinent portions of the record. For the reasons that follow, the Magistrate's Report is ADOPTED, as modified by this order.

### Background

Joseph Tooma is a Florida inmate serving a life sentence. His "Presumptive Parole Release Date" (PPRD) was November 21, 2007. On August 14, 2007, the Florida Parole Commission received a letter from the Chief Judge of Florida's Ninth Judicial Circuit objecting to Tooma's parole. On November 14, 2007, the Parole Commission decided not to authorize parole and extended Tooma's PPRD by four years, based on the judicial objection. Tooma filed this *pro se* complaint under the Civil Rights Act, 42 U.S.C. § 1983, on July 17, 2008, challenging the constitutionality of the procedures used in determining his parole eligibility. Tooma contends that the Florida statute requiring the Commission to solicit "ex parte" input from the sentencing judge violates due process, because Tooma was not given an opportunity to rebut the judge's comments, and constitutes *ex post facto* punishment, because the procedure did not exist when Tooma committed the crime.[1] As relief, Tooma seeks greater transparency in the parole decision-making process and an injunction requiring the Parole Commission to reconsider his parole eligibility without relying on the judicial objection.

Although Tooma filed this lawsuit under 42 U.S.C. § 1983, the Magistrate Judge concluded that Tooma is seeking only habeas corpus-type relief and converted the complaint to a petition under 28 U.S.C. § 2241. In his objections, Tooma claims that the Magistrate Judge erred in construing his complaint as a habeas corpus petition, based on the holding of *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

### I.

■ The Supreme Court instructs that a civil rights action under § 1983 is an appropriate vehicle to challenge the conditions of confinement, but not the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). To challenge the fact or duration of confinement, a state prisoner must seek either the appropriate relief in state court or habeas corpus relief under 28 U.S.C. § 2241. If the state prisoner is "in custody pursuant to the judgment of a State court," his habeas petition is subject to the additional requirements of 28 U.S.C. § 2254. *See Medberry v. Crosby*, 351 F.3d 1049 (11th Cir.2003).

Following the Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), courts have considered whether inmate challenges to parole proceedings are properly taken up under § 1983 or the habeas corpus statutes. In *Wilkinson*, the inmate filed a § 1983 action to challenge the state procedures used to deny him parole. He claimed the Ohio Parole Board used an improper set of guidelines in its decision making. *Wilkinson*, 544 U.S. at 76–77, 125 S.Ct. 1242. The *Wilkinson* Court held that the prisoner could pursue the claim under § 1983 because success for the inmate "means at most a new parole hearing

---

1. The judicial comment statute, Fla. Stat. § 947.1745(6), requires that "the commission shall send written notice to the sentencing judge of any inmate who has been scheduled for an effective parole release date interview.... If there is objection by the judge, such objection may constitute good cause in exceptional circumstances as described in s. 947.173, and the commission may schedule a subsequent review within 2 years, extending the presumptive parole release date beyond that time."

at which Ohio parole authorities may, in their discretion, decline to shorten his prison term." *Id.* at 82, 125 S.Ct. 1242. Tooma likewise challenges the procedures used by the Florida Parole Commission to deny his parole. He claims that the Commission's reliance on the objection from a state court judge was unconstitutional and he wants his parole eligibility reevaluated.

## II.

■ Florida law provides that "once set, presumptive parole release dates be modified only for good cause in exceptional circumstances." Fla. Stat. § 947.173(3). If an inmate's institutional conduct has been satisfactory, several factors may nevertheless constitute "new information and good cause in exceptional circumstances" to extend the inmate's PPRD. Fla. Stat. § 947.1745. In Tooma's case, the Parole Commission's November 15, 2007 denial of parole form lists two pieces of "New Information" as a basis for modifying the PPRD: Tooma's unsatisfactory parole release plan and an objection from the state judge.[2]

If an inmate's parole release plan is unsatisfactory, the Commission may extend his PPRD by up to a year. Fla. Stat. § 947.1745(2). On the other hand, if there is an objection to parole by the sentencing judge (or the designee of the Chief Judge of the appropriate Florida Circuit Court, if the sentencing judge is no longer serving), the Commission "may schedule a subsequent review within 2 years, extending the presumptive parole release date beyond that time." Fla. Stat. § 947.1745(6). The Commission scheduled Tooma's next review for June 2009 and re-set his PPRD to November 2012. Although the Commission's only stated basis for extending Tooma's PPRD by four years was the judge's objection, the invalidity of the judicial comment statute would not necessarily spell earlier release for Tooma. Nothing would prevent the Parole Commission, upon rehearing the case, from relying on "Unsatisfactory Institutional Conduct" or "Fail[ure] to make a positive finding as required by s. 947.18" as alternative reasons for extending Tooma's PPRD by the same duration.[3] Thus, even if Tooma prevailed in his constitutional challenge, the Commission could, in its discretion, reach the very same result simply by finding Tooma unsuitable for parole.

Despite certain comments in Tooma's legal memoranda suggesting that he believes he is entitled to earlier parole no matter what, the only relief he actually seeks in his complaint is more transparency in the Commission's decision-making process and to be evaluated under the parole eligibility procedures that existed when he was convicted, regardless of the outcome. This does not lie at "the core of habeas corpus," and may be brought in a § 1983 action. *Preiser*, 411 U.S. at 489, 93 S.Ct. 1827; *Wilkinson*, 125 S.Ct. at 1248. Courts have held that § 1983 is the proper statutory vehicle to assert similar chal-

---

**2.** The form states "[t]he Commission has decided NOT to authorize your effective parole release date for the following reason(s)" and checks the box, "New Information." Neither of the other two boxes are checked: "Unsatisfactory Institutional Conduct," or the Commission's "Fail[ure] to make a positive finding as required by s. 947.18, Florida Statutes."

**3.** Fla. Stat. § 947.18 provides that: "[n]o person shall be placed on parole until and unless the commission finds that there is reasonable probability that, if the person is placed on parole, he or she will live and conduct himself or herself as a respectable and law-abiding person and that the person's release will be compatible with his or her own welfare and the welfare of society. No person shall be placed on parole unless and until the commission is satisfied that he or she will be suitably employed in self-sustaining employment or that he or she will not become a public charge."

lenges to parole procedures. *See Thomas v. McDonough,* 228 Fed.Appx. 931 (11th Cir.2007) (*ex post facto* challenge to Florida law extending the time between parole reviews); *Brown v. Johnson,* 169 Fed. Appx. 155 (4th Cir.2006) (claim that parole was denied based on improper standard of review); *see also Craft v. David,* 2008 WL 681031 (N.D.Fla.2008) (evaluating inmate's due process and *ex post facto* challenge to Florida's judicial comment provision under § 1983); *Lesley v. David,* 186 Fed.Appx. 926, 929 n. 1 (11th Cir.2006) (noting that § 1983 is the appropriate avenue for inmate challenge to new parole guideline that resulted in extension of parole release date).

### III.

■ Notwithstanding the merit to Tooma's objection, dismissal is unavoidable whether his complaint is viewed under 42 U.S.C. § 1983 or 28 U.S.C. § 2254. To obtain relief under either statute, an inmate must state a constitutional violation. As discussed in the Magistrate's Report, courts have squarely rejected constitutional challenges to Florida's judicial comment statute. *See Craft v. David,* 2008 WL 681031, *7 (N.D.Fla.2008). Because the Magistrate correctly concluded that the parole procedure at issue does not violate Tooma's due process rights or constitute *ex post facto* punishment, Tooma is precluded from relief under § 1983 as a matter of law. *See generally Hunter v. Florida Parole & Probation Comm'n,* 674 F.2d 847 (11th Cir.1982) (rejecting due process challenge to parole procedure); *Paschal v. Wainwright,* 738 F.2d 1173 (11th Cir.1984) (rejecting *ex post facto* challenge to parole procedure that "merely made a procedural change in how the [Parole Board's ultimate discretion about granting parole] was exercised").

Although Mr. Tooma's November 2008 PPRD had been set for some years and periodically reviewed without modification, the Commission was within its discretion to extend that date based on judicial input. In this case, the Chief Judge of Florida's Ninth Judicial Circuit, standing in for the judge who sentenced Tooma some 20 years ago, for an armed robbery committed in 1983, commented, in entirety, "[t]his inmate has a long history of crime of violence. There is a strong likely hood [sic], if released he will re-offend and more than likely kill someone." The Parole Commission was apparently impressed by the Chief Judge's prediction that a 79-year-old man with no citations for violent conduct in prison (since at least 1996, the earliest records provided to the Court), and no record of having homicidal tendencies, would "more than likely" commit murder if released.[4] Florida law gives the Parole Commission discretion to rely on the Chief Judge's evaluation of the facts and circumstances of Mr. Tooma's case in addition to, or as the case may have been, in place of its own.

Accordingly,

**IT IS ORDERED:** The Final Report of the Honorable Magistrate Judge Patrick A. White is ADOPTED, as modified by this Order. The plaintiff's complaint for relief under 42 U.S.C. § 1983 is DISMISSED, for failure to state a constitutional violation under any theory, as discussed in the Magistrate's Report. This case is CLOSED.

### *REPORT OF MAGISTRATE JUDGE*

P.A. WHITE, United States Magistrate Judge.

Joseph Tooma, a state prisoner currently confined at the Everglades Correctional

---

4. Presumably, the parole examiner who interviewed Tooma in August 2007 saw him in a rather different light, recommending he be paroled in six months.

Institution, has filed a *pro se* pleading on the standard form for actions pursuant to 42 U.S.C. § 1983 challenging the actions of the Florida Parole Commission ("FPC") regarding his release on parole seeking injunctive relief. This petition is in legal effect a petition pursuant to 28 U.S.C. § 2241.

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition, the Court has the response of the FPC with multiple exhibits to an order to show cause, and subsequent pleadings filed by the petitioner with attached exhibits.

Tooma argues generally that his constitutional rights have been violated with regard to the FPC's denial of parole and extension of his Presumptive Parole Release Date ("PPRD") based on its consideration of the state sentencing court's objection to his parole release. Specifically, Tooma argues that the state judicial opinion and objection constitute a "presumption" to which he had a right of "rebuttal," and because he did not have opportunity for rebuttal, his due process rights were violated. He further argues that the FPC violated the *Ex Post Facto* clause by soliciting and considering the judicial opinion.

The procedural history of this case is as follows. Tooma was convicted in Palm Beach County Circuit Court Case No. 83–5992 of robbery and sentenced to fifteen years in prison. (DE# 10; Ex. A). On December 21, 1989, Tooma was convicted of escape in Orange County, Case No. 84–3056 and sentenced to ten years to run concurrent with the active sentence. He was also convicted on the same day of armed robbery in Case No. 83–4672 and sentenced to life in prison, concurrent with the active sentence. (*Id.* Exh. B).

According to Tooma, the FPC originally provided a PPRD of May, 2006, which was changed to November, 2009, and then to November, 2007. On October 17, 2007, the FPC denied him parole based on the state judicial objection and lack of a satisfactory parole release plan, and the PPRD was extended to 2012.

Tooma is not entitled to relief on the claim challenging the establishment of his PPRD. Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). *See also Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958–959, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983)(stating that "[m]ere errors of state law are not the concern of this court … unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Carrizales v. Wainwright*, 699 F.2d 1053 (11 Cir.1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger*, 941 F.2d 1551 (11 Cir.1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992)(*quoting Carrizales, supra* ). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process. *Branan v. Booth*, 861 F.2d 1507, 1508 (11 Cir.1988).

■ An inmate can only claim a due process violation if the liberty interest he has lost is one of real substance. *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Accordingly, due process interests in the prison setting will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 486, 115 S.Ct. 2293. The courts have held, however, that state-created procedures can give rise to a protected liberty interest for purposes of procedural due process when those procedures place substantive limitations upon official discretion. *Cook v. Wiley*, 208 F.3d 1314, 1322 (11 Cir.2000); *see also Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983)(stating that if the relevant statute "places no substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated).

■■ Specifically, in the context of parole, the United States Supreme Court has held that a convicted prisoner has no constitutional right to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Accordingly, an administrative decision on whether to grant an inmate release on parole, however serious the impact, does not automatically invoke due process protection. *Id.* However, where a statute creates a legitimate expectation of parole, the due process clause applies when the government deprives a person of that protected liberty interest. *Id.* at 7–8, 99 S.Ct. 2100. *See also Hunter v. Florida Parole & Probation Commission*, 674 F.2d 847, 848 (11 Cir.1982). On the other hand, a statute which provides for the mere possibility of parole does not create a liberty interest protected by due process for the reason that it depends wholly on the unfettered exercise of discretion by a board or other authority. *Greenholtz, supra.*

Florida's parole statutes have been found to be the latter and the courts have held that they do not create a legitimate expectation of parole, leaving due process inapplicable to the procedure for granting parole. *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11 Cir.), *cert. denied*, 479 U.S. 830, 107 S.Ct. 115, 93 L.Ed.2d 62 (1986); *Hunter, supra*, 674 F.2d 847 (11 Cir.1982). The Eleventh Circuit has clearly held that while much of Florida's statutory scheme involving parole is written in mandatory terms, that language is qualified by the exercise of the Commission's discretion. The setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters committed ultimately to the discretion of the Commission. Even if the inmate's conduct has been satisfactory, Florida law specifically grants the Commission the power to authorize the effective parole release date or to deny or delay release. Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, no entitlement to or liberty interest in parole is created by the Florida statutes. *Staton v. Wainwright*, 665 F.2d 686, 688 (5 Cir. 1982), *cert. denied*, 456 U.S. 909, 102 S.Ct. 1757, 72 L.Ed.2d 166 (1982). *See also Meola v. Dep't of Corrections*, 732 So.2d 1029, 1034 (Fla.1998) (stating that "[i]n Florida, parole-eligible inmates do not have a legitimate expectation of liberty or right to expect release on a certain date even after they have been given a specific Presumptive Parole Release Date

(PPRD).")[1]

Since there is no inherent constitutional right to parole in Florida, no deprivation of a federally protected right can occur in the absence of such a state-created liberty interest. *Jonas, supra.* Based on the foregoing, it is apparent that decisions regarding the establishment of a PPRD and granting of an effective parole release date are decisions within the discretion of the FPC. Therefore, even if the respondent FPC in the instant case somehow abused its discretion, no basis for federal habeas corpus relief has been stated due to Tooma's lack of a legitimate expectation of liberty or right to expect parole release. Further, Tooma suffered no due process violation, because the denial of earlier release on parole does not in any way lengthen his sentence, or impose upon him a significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner,* 515 U.S. at 483, 115 S.Ct. 2293; *Greenholtz, supra.*

It is further noted that, as correctly asserted by the respondent, the alleged "new information" relating to the underlying convictions has no bearing on the correctness of the FPC's action in Tooma's case.

■ Tooma's *Ex Post Facto* claims that attack the parole decision process used by the FPC have no merit. *See Paschal v. Wainwright,* 738 F.2d 1173 (11 Cir.1984). In *Paschal,* the Court held that because the ultimate discretion about granting parole remains with the FPC, and because the parole guidelines (which were being challenged) "merely made a procedural change in how this discretion was exercised there was no ex post facto violation." *Johnson v. Wainwright,* 772 F.2d 826, 827

(11 Cir.1985), explaining *Paschal. Johnson* discussed the holding in *Paschal* as follows:

> The guidelines have clarified the commission's exercise of its discretion. The commission has created a system by which it attempts to use its discretion in a more uniform manner than previously. The substantive power of the commission remains unchanged; only the manner in which it exercises this power has been altered.

*Johnson,* 772 F.2d at 827, citing *Paschal* at 1179. Subsequent decisions have confirmed that mere procedural changes in evaluating a prisoner's suitability for parole release do not violate the *Ex Post Facto* Clause. *See Damiano v. Florida Parole and Probation Commission,* 785 F.2d 929, 933 (11 Cir.1986); *Jonas v. Wainwright,* 779 F.2d 1576, 1577 (11 Cir.), *cert. denied,* 479 U.S. 830, 107 S.Ct. 115, 93 L.Ed.2d 62 (1986). A change that simply alters the FPC's considerations for parole suitability is not violative of the *Ex Post Facto* Clause because it neither works to an inmate's detriment nor constitutes "a criminal or penal law." *Kelly v. Southerland,* 967 F.2d 1531, 1532 (11 Cir.1992), citing *Dufresne v. Baer,* 744 F.2d 1543, 1547 (11 Cir.1984), *cert. denied,* 474 U.S. 817, 106 S.Ct. 61, 88 L.Ed.2d 49 (1985).

■ Moreover, statutes violate the *Ex Post Facto* Clause when they are "penal or criminal," and impose "punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Conlogue v. Shinbaum,* 949 F.2d 378, 381 (11 Cir.1991), *cert. denied,* 506 U.S. 841, 113

---

1. Of course, once an inmate has actually been granted parole, then the inmate clearly has a legitimate liberty interest which may not be taken without affording him certain minimum due process protections during parole revocation proceedings. *Gagnon v. Scarpelli,* 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 482, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

S.Ct. 123, 121 L.Ed.2d 79 (1992). Thus, where a subsequent change in the law is merely procedural, with no change in the "substance of the offence nor in its punishment," there is no ex post facto violation. *Id.* at 381. In this case, Tooma's claim goes to a procedural change, not a material change that affects the offense or the punishment for his crime.

■ Tooma claims that Fla. Stat. § 947.1745(6) (the judicial notification provision) violates the *Ex Post Facto* Clause.[2] This statute requires the FPC to obtain input from the sentencing judge about any objections to granting parole.[3] This input, whether favorable or unfavorable, is then used by the FPC in making its parole decision. As noted by the respondent, the statute does not restrict the FPC's decision and it may reject any judicial objection provided. The FPC does not have to afford the judicial objection, if stated, any weight whatsoever and has the discretion to ignore or follow a judicial opinion on the matter of parole release. Again, this is a procedure employed to make parole determinations. The procedure does not alter or add to the punishment imposed for the underlying crime; it simply provides more information to the FPC so that an informed and reasoned decision can be made. Florida courts found the provision to be constitutional, and this Court should do the same, for the reasons set forth above. *See Gaines v. Florida Parole Com'n*, 743 So.2d 118, 120–121 (Fla. 4th DCA 1999); *Gattis v. Florida Parole &*

2. In October 1986, Fla. Stat. § 947.1745(4) was amended to "require the Commission to notify and seek comments from the sentencing court when an inmate was within 90 days of his or her effective parole release date ['EPRD'] interview." *Gaines v. Florida Parole Com'n*, 743 So.2d 118, 119 (Fla. 4th DCA 1999). The statute was later amended and codified as Fla. Stat. § 947.1745(6). *Id.*

3. In relevant part, this statute provides:

(6) Within 90 days before the effective parole release date interview, the commission shall send written notice to the sentencing judge of any inmate who has been scheduled for an effective parole release date interview. If the sentencing judge is no longer serving, the notice must be sent to the chief judge of the circuit in which the offender was sentenced. The chief judge may designate any circuit judge within the circuit to act in the place of the sentencing judge. Within 30 days after receipt of the commission's notice, the sentencing judge, or the designee, shall send to the commission notice of objection to parole release, if the judge objects to such release. If there is objection by the judge, such objection may constitute good cause in exceptional circumstances as described in s. 947.173, and the commission may schedule a subsequent review within 2 years, extending the presumptive parole release date beyond that time. However, for an inmate who has been:

(a) Convicted of murder or attempted murder;
(b) Convicted of sexual battery or attempted sexual battery; or
(c) Sentenced to a 25-year minimum mandatory sentence previously provided in s. 775.082,
the commission may schedule a subsequent review under this subsection once every 5 years, extending the presumptive parole release date beyond that time if the commission finds that it is not reasonable to expect that parole would be granted at a review during the following years and states the bases for the finding in writing. For any inmate who is within 7 years of his or her release date, the commission may schedule a subsequent review prior to the 5 year schedule. With any subsequent review the same procedure outlined above will be followed. If the judge remains silent with respect to parole release, *the commission may authorize an effective parole release date.* This subsection applies if the commission desires to consider the establishment of an effective release date without delivery of the effective parole release date interview. Notice of the effective release date must be sent to the sentencing judge, and either the judge's response to the notice must be received or the time period allowed for such response must elapse before the commission may authorize an effective release date. Fla. Stat. § 947.1745(6) (amended 1997).

*Probation Com'n*, 535 So.2d 640, 642 (Fla. 1st DCA 1988) (holding that the judicial objection statute "represent[s] a mere procedural change in or enlargement of the manner by which the Commission may exercise its discretion" and does not violate the Ex Post Facto clause); *see also Florida Parole Comm'n v. Snipes*, 616 So.2d 1177 (Fla. 1st DCA 1993) (rejecting argument that extending a presumptive parole release date based on nonspecific judicial objections violated the Due Process Clause); *Florida Parole Com'n v. Jackson*, 618 So.2d 766, 767 (Fla. 1st DCA 1993) (same).

Based on the foregoing, the Undersigned concludes that Tooma has failed to state a constitutional claim with regard to the denial of parole or the setting of the PPRD, including claims challenging the validity of the his proposed parole release plan and the solicitation and consideration of the state judicial objection.

It is therefore recommended that the Petition for Writ of Habeas Corpus [DE# 1] be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended this 28th day of December, 2008.