[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12396
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-22024-CV-WMH

JOSEPH TOOMA,

Petitioner-Appellant,

versus

MONICA DAVID,
Chairperson,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Tooma, a pro se state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim. No reversible error has been shown; we affirm.

In his section 1983 complaint, Tooma challenged the Florida Parole Commission's ("FPC") decision denying him parole and extending his presumptive parole release date ("PPRD") based on a judge's objection to his release and an unsuitable parole plan. In addition to challenging the FPC's act under state law, Tooma also raised due process, equal protection, and ex post facto claims.

The district court, adopting the magistrate judge's recommendation, dismissed Tooma's section 1983 complaint because his allegations did not state constitutional violations. We review de novo a district court's dismissal for failure to state claim, using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals. Farese v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003).[*]

On appeal, Tooma argues that the extension of his PPRD was unjustified and both the FPC and the judge who objected to his release acted outside legislative authority. To prevail on a section 1983 claim, a plaintiff must show that he was

_____

[*]In addition, we liberally construe pro se pleadings. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

2

deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, to the extent that Tooma challenges the FPC's and judge's acts under Florida law, he states no deprivation of a federal right; violations of state law alone do not establish the denial of a federal right.

Tooma also argues that the FPC's denial of parole was arbitrary and an abuse of authority amounting to a due process violation. To establish a due process violation, a plaintiff must show that he has been deprived of a liberty or property interest protected by the Fifth Amendment; state-created procedures can give rise to a protected interest for purposes of procedural due process when those procedures place substantive limitations upon official discretion. Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000). But we have concluded that Florida's parole system, which is qualified by the exercise of the FPC's discretion, creates no legitimate expectation of parole. Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir. 1986). So, because Tooma had no legitimate expectation of parole, no basis existed for a due process claim even if the FPC abused its discretion. See O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir. 1995) (when no liberty interest in parole exists, "the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness").

And although a parole board cannot engage in "flagrant or unauthorized action" even when no liberty interest in parole exists, nothing indicates that the FPC acted flagrantly or without authorization. See Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir. 1991). The FPC relied properly on Fla. Stat. § 947.1745, which authorizes consideration of a judicial objection and the suitability of the prisoner's parole-release plan, to extend Tooma's PPRD.

About his equal protection claim, Tooma alleged that prisoners who were convicted of the same crime as him received more favorable treatment because they were released on parole before him. But Tooma failed to show whether those prisoners had received judicial objections or had unsatisfactory parole plans, the factors considered by the FPC to determine Tooma's parole eligibility. He also failed to show that any discrimination was based on a constitutionally protected interest. Therefore, we conclude that the district court properly concluded that Tooma failed to state an equal protection claim. See Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) ("[t]o establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race") (internal quotation omitted).

Tooma also argues that Fla. Stat. § 947.1745(6) -- which allows the FPC to

4

obtain input from the sentencing judge about objections to granting parole -- violates ex post facto principles because the FPC's application of the statute increased his punishment by extending his PPRD. Retroactive application of changes in the law governing parole of prisoners can create an ex post facto violation if it creates a sufficient risk of increasing the measure of punishment attached to the covered crimes. Garner v. Jones, 120 S.Ct. 1362, 1367 (2000).

We have concluded that -- in the context of the Florida parole system -- because the ultimate discretion about granting parole remains with the FPC, changes in the parole guidelines did not present an ex post facto violation where they merely were procedural changes in the factors considered when exercising that discretion. Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985). The provision Tooma challenges, section 947.1745(6), consists of such procedural changes. The judicial notification provision requires that the FPC send written notice to the sentencing judge within 90 days before the effective parole release date interview. If the judge files an objection to parole, "such objection may constitute good cause in exceptional circumstances" to extend the PPRD. Id. The FPC has the discretion to ignore or follow a judicial opinion; thus, the provision does not alter or increase the punishment imposed for the underlying crime but, instead, simply provides an additional factor to weigh in parole eligibility.

5

Because Tooma stated no constitutional violation, we affirm the district court's dismissal of his section 1983 complaint.

AFFIRMED.